UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LATISHA WHITE,

Plaintiff,

v.  CASE NO. 8:10-cv-01966-EAK-MAP

REGIONS BANK, a foreign corporation

Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND ORDERING PLAINTIFF TO RESPOND TO DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Plaintiffs' Motion to Remand (Dkt. 8), Defendant's response thereto (Dkt 11), and Defendant's Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint (Dkt 6).

### BACKGROUND

This dispute arises from a loan agreement, entered into by Regions Bank (Defendant), for the purpose of providing a line of credit to Plaintiff's business. Plaintiff alleges that the bank breached the loan agreement by improperly distributing funds to a third party without Plaintiff's authorization. Plaintiff thus seeks damages for breach of contract and negligent hiring. In her Amended Complaint, Plaintiff additionally brings a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, alleging that Defendant willfully and inaccurately reported Plaintiff's credit information to consumer reporting agencies. Plaintiff now moves to remand this case back to state court, on the grounds that "the [state] court has yet to sign an order allowing the Amended Complaint to be filed," and that, therefore, this Court should not consider the Amended Complaint as a pleading. (Dkt. 8). Defendant opposes that motion and moves to dismiss

Plaintiff's claims for negligent hiring (Count II) and reporting inaccurate credit information (Count III). Plaintiff has yet to respond to Defendant's Motion to Dismiss.

## DISCUSSION

### I. Motion to Remand

A most basic principal of federal law is that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Civil actions filed in state court, which raise a federal question, may be removed to federal court at the discretion of the defendant. 28 U.S.C. § 1441.

Here, the Plaintiff has asserted a federal cause of action, arising under 15 U.S.C. § 1681, in her Amended Complaint, which has been filed with this Court. Inexplicably, Plaintiff now seeks to evade federal jurisdiction on the basis that the state trial judge did not "sign an order allowing the Amended Complaint to be filed." However, Defendant has attached to their opposition memo the transcript of a state court hearing, which took place on October 19 of this year, where Plaintiff sought and was granted leave to amend her complaint for the specific purpose of including this federal unfair credit reporting claim. In light of those circumstances, it is disingenuous for Plaintiff to assert that her Amended Complaint was not accepted by the state court. Furthermore, asserting the baseless argument that the trial court did not condone the amendment to Plaintiff's original Complaint boarders on conduct subject to sanction under Rule 11 of the Federal Rules of Civil Procedure. Plaintiff's Motion is therefore denied.

### II. Motion to Dismiss

Defendant filed a Motion to Dismiss Counts II and III of Plaintiff's Amended Complaint on September 14 of this year, alleging that Plaintiff is not entitled to seek relief for negligent

hiring or unfair credit reporting. Plaintiff has yet to respond to this motion, and is hereby ordered to do so within ten days. Accordingly, it is

**ORDERED** that the Plaintiff's Motion to Remand be **DENIED**, and that Plaintiff shall file a response to Defendant's Motion to Dismiss within ten days of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 28th day of October, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE