UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

LATISHA WHITE,

d/b/a SWEET AZ CUTS,

        Plaintiff,

v.                                        Case No. 8:10-cv-01966-EAK-MAP

REGIONS BANK, a foreign corporation,

        Defendant.

_____

## ORDER FOR REMAND

This cause comes before the Court on Defendant's, Regions Bank ("the Bank"), Motion to Dismiss Count II and Count III (Doc. 6), Plaintiff White's Response to Defendant's Motion to Dismiss Count II and Count III, (Doc. 14).

        I.   Relevant Procedural Background

1. Ms. White filed this action in state court on April 13, 2010 (Doc. 1), which was then removed to this Court by the Bank on September 7, 2010, accompanied by all pleadings. *Id.* She alleges in Count I a claim for breach of contract, in Count II a claim for negligent hiring, training and retention, and in Count III a claim of violation of the Fair Credit Reporting Act, (FCRA), 15 U.S.C. §§ 1681, *et seq.*

2. On September 14, 2010, the Bank filed its Motion to Dismiss Count II and Count III (Doc. 6).

3. On November 5, 2010, Ms. White filed her Response to the Bank's Motion to Dismiss Count II and Count III (Doc. 14).

4. Other motions including those for remand and for clarification, and responses thereto have been filed, and orders to those motions written (Docs. 8, 11, 13, 15, 18, 19 [stricken], 20, 21, and 23).

## II. Defendant's Motion to Dismiss Count II and Count III

The Bank's motion to dismiss addresses Counts III and II in that order, and the Court will do the same. The crux of the Bank's argument regarding Count III is that FCRA does not provide for a cause of action for private parties. It asserts that the Act requires furnishers of information to credit reporting agencies to not provide false information "willfully or maliciously" (Doc. 6). As further support, the Bank argues that state-law defamation claims, are preempted by FCRA, 15 U.S.C. §1681t(b)(1)(F) (Doc. 6).[1]

The Bank also seeks to dismiss Count II of the complaint as substantively deficient by applying the economic loss doctrine, as stated in *Fla. Power & Light Co. v. Westinghouse Elec. Corp.*, 510 So. 2d 899 (Fla. 1987). The Bank also argues that the Amended Complaint is procedurally deficient due to its failure to state a claim upon which relief can be granted under the pleading standards of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009), charging that Ms. White's allegations were conclusory and that the alleged facts were insufficient to support a claim for negligent hiring and negligent retention.

## III. Plaintiff's Response

Ms. White argues in her response to the Bank's Motion to Dismiss that although FCRA does not generally allow for private actions by consumers against those who provide credit information it does where the bank was reporting "false information furnished with malice or

---

[1] The Court recognizes the defendant's consistent incorrect citations, such as referring to FCRA in Title 28 (twice) and to case law in this Court as that of another and admonishes the Defendant to be more careful in the future, particularly when such law is either binding or highly persuasive on the Court. The same applies to the plaintiff, as representing other state courts as federal courts can be problematic.

2

willful intent to injure such consumer." (Doc. 14; citing 15 U.S.C. §1681h). She alleges that pursuant to Florida defamation law, that failure by a bank to correct inaccuracies, when coupled with disregard for the truth, constitutes libel per se, and malice is presumed where there is libel per se (Doc. 14; quoting *Matthews v. Deland*, 334 So. 2d 164, 166 (Fla. 1st DCA 1976)). Ms. White also denies that her common law tort claims for negligent hiring, training and retention are barred under the economic loss rule.

### IV. Discussion

A. Jurisdiction

This case comes before this Court by the Bank's removal pursuant to 28 U.S.C. § 1441. The Court's original jurisdiction is invoked under by 28 U.S.C. § 1331 and 15 U.S.C. § 1681p over the FCRA claim and the Court is exercising supplemental jurisdiction conferred by 28 U.S.C. § 1367 and removal jurisdiction under 28 U.S.C. §1441(c) over all the other claims.

B. Parties' Claims

The Court will evaluate the claims in the order they were addressed above and in the Motion to Dismiss. For the reasons set forth below the case will be remanded to state court.

In their pleadings, the parties speak past one another. The Bank argues that FCRA does not create a cause of action for private parties (Doc. 6). Ms. White agrees but asserts that her state law for defamation of her credit should survive (Doc. 14). It appears that the discrepancy is that FCRA does *not* provide a cause of action for consumers and that while it will *generally* preempt state law, it does not always do so.

This Court has previously held that FCRA §1681s-2(d) does not provide a cause of action for consumers. *Antoine v. State Farm. Mut. Auto. Ins. Co.*, 662 F. Supp. 2d 1318, 1327 (M.D. Fla. 2009). The Court need not inquire further—as there is no viable claim under FCRA, there is no federal question. The Court determines that pursuant to 28 U.S.C. § 1441(c) the case should be remanded because the remaining questions of law are all state-based and it is more

appropriate that they be addressed by Florida's courts. *See Key Bank U.S.A., N.A. v. First Union Bank of Fla.*, 234 B.R. 827 (M.D. Fla. 1999).[2] Accordingly, it is

**ORDERED** that the Motion to Dismiss Count III be **granted** with prejudice, but denied in all other respects. The Clerk of Court is directed to remand this case to the appropriate state court and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 4th day of March, 2011.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

cc: All parties and counsel of record.

---

[2] There appears to be no diversity jurisdiction here as the amount in controversy is not met.

4